# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **DORA MOREIRA,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| **v.** | )    **Case No.: 7:19-cv-00959-RDP-JHE** |
| | ) |
| **WARDEN BRADLEY,** | ) |
| | ) |
|     **Respondent.** | ) |

## MEMORANDUM OPINION

The Magistrate Judge entered a Report and Recommendation on June 24, 2020, recommending the court dismiss Petitioner Dora Moreira's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 12). The Magistrate Judge further recommended the court deny Moreira's emergency motion for expedited resolution (Doc. 11) to the extent she seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (*Id*.). On August 11, 2020, Moreira filed objections to the Magistrate Judge's Report and Recommendation. (Doc. 25).

In her objections, Petitioner restates her position that her conditions of confinement violate her constitutional rights. (Doc. 25 at 2-3, 6-7). In addition, Petitioner maintains she is entitled to an international transfer to Spain or a release to home confinement. (*Id*. at 8-11).

Petitioner vigorously asserts that 42 U.S.C. § 2241 is the proper vehicle to bring her conditions of confinement claims because they affect the way her sentence is carried out. (Doc. 25 at 1, 5-7). However, as the Magistrate Judge correctly concluded, Petitioner's claims that prison officials retaliated against her, subjected her to racial discrimination, deprived her of property, transferred her without due process, and denied her adequate medical care are not connected to the execution of her sentence and should be brought in a civil rights action under *Bivens v. Six*

*Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  *See Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.  An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.") (citations omitted).[2]

Next, Petitioner reasserts that she entitled to an international transfer pursuant to the First Step Act, 18 U.S.C. § 3621(b), and the Transfer of Offenders to and from Foreign Countries Act, 18 U.S.C. §§ 4100-4115.  (Doc. 25 at 8-9).  In addition, Petitioner argues prison officials should place her in home confinement due to the COVID-19 pandemic.  (*Id*. at 9-11).  Petitioner fails to address the Magistrate Judge's determination that (1) either she has no constitutional right to placement in a particular prison and, in any event, such decisions are within the exclusive authority of the Attorney General, or by delegation to the Bureau of Prisons.  *See Bagguley v. Bush*, 953 F.3d 660, 662 (D.C. Cir. 1991) (no protected liberty interest in transfer to home country under the Transfer of Offenders to and from Foreign Countries Act) (citing *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) (because state's prison regulations place no substantive limits on official discretion, prison administrator's discretion concerning interstate transfer is "completely unfettered," and no protected liberty interest exists)); *see generally United States v. Calderon*, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act, as amended by the First Step Act of 2018); *Jones v. Woods*, No. 2:19-cv-61-WHA, 2019 WL 2754731, at *4 (M.D. Ala. June 4, 2019) ("Under the First Step Act, as amended, the Attorney General – and by delegation the BOP – has exclusive

---

[1] It does not appear Petitioner can allege a cause of action for retaliation under *Bivens* as *Bivens* does not extend to First Amendment retaliation claims.  *See Johnson v. Burden*, 781 F. App'x 833, 835-37 (11th Cir. 2019).

[2] Because Petitioner claims federal prison officials violated her constitutional rights, her claims would fall under *Bivens*, not 42 U.S.C. § 1983, which addresses claims against state officials.  Regardless, the same case law is generally applied to both *Bivens* and § 1983 cases.  *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).

authority and sole discretion to designate the place of an inmate's confinement."); *United States v. Curry*, No. CR 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act [of 2018] gives the *Attorney General* [or the BOP by designation of the Attorney General] the discretion to determine if and when home confinement is appropriate, the Court does not have the authority to grant the requested relief.") (emphasis in original). Thus, Petitioner has not shown she is entitled to a transfer to Spain or placement in home confinement. Additionally, to the extent Petitioner seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), she must request such relief in the sentencing court.[3]

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation, and the objections thereto, the court **ADOPTS** the Magistrate Judge's Report and **ACCEPTS** his Recommendation. Accordingly, Petitioner's petition is due to be dismissed without prejudice as to her *Bivens* claims,[4] and dismissed with prejudice as to any other claims. Petitioner's motion for expedited resolution, (Doc. 11), is due to be denied as moot.

A separate order will be entered.

**DONE** and **ORDERED** this August 17, 2020.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[3] Petitioner notes that on April 22, 2020 she filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) in the United States District Court for the Southern District of Florida, where she was sentenced. (Doc. 25 at 9). Petitioner claims she did not intend to move for compassionate release in this court and only sought an expedited decision in the present case due to the COVID-19 pandemic and her underlying medical conditions. (*Id.* at 9-10).

[4] The Magistrate Judge recommended that the petition be dismissed with prejudice. The court agrees that the petition should be dismissed, but because Petitioner's *Bivens* claims are not properly a part of a § 2241 petition, the court finds those claims should be dismissed without prejudice.